IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                                                           NO. 4:19-CR-29

CORNELIUS K. HARRIS

### ORDER

On January 16, 2020, the government filed a motion seeking to seal (1) its previously filed response to the defendant's motion to suppress; (2) exhibits to the response; (3) the motion to seal itself; and (4) the order disposing of the motion to seal. Doc. #40. As grounds, the government represents:

> In filing its response, the government inadvertently failed to redact the defendant's PII from *one of the exhibits*. The government understands from talking to the Clerk's Office that the government cannot retract a filed document and substitute a redacted copy. The only way to correct the issue and protect the defendant's PII from public disclosure is to file a motion to seal the government's response.

*Id.* at 1 (emphasis added).

Ordinarily, to seal documents related to a search in a criminal action, a movant must show that "sealing is (a) essential to preserve higher values and (b) narrowly tailored to preserve that interest, after consideration of less restrictive alternatives. Redaction is among the less restrictive alternatives that must be considered." *In re Sealing & Non-Disclosure of Pen/Trade/2703(d) Orders*, 562 F. Supp. 2d 876, 895 (S.D. Tex. 2008) (citation omitted).

Here, the government seeks to seal numerous documents based on personally identifiable information in only one exhibit but fails to specify which exhibit that is.[1] The Court presumes the

---

[1] Local Criminal Rule 49.1 provides that, with limited exceptions, "[t]he process for sealing court records shall be governed by Rule 79 of *The Uniform Local Civil Rules of the Northern and Southern Districts of Mississippi* …." The government makes no attempt to comply with this rule or to explain why full compliance should be excused. The Court nevertheless evaluates the merits of the motion to the extent the defendant's sensitive information is at issue through no fault of the defendant.

government seeks to seal Exhibit 5—a written statement prepared by the defendant—since Exhibit 5 appears to be the only document containing the defendant's personally identifiable information. While protecting personally identifiable information is undoubtedly important, the remedy sought by the government far exceeds what is necessary to protect the defendant's interest in his personally identifiable information. Rather, such interest may be, and should be, served by redaction. Accordingly, the motion to seal [40] is **DENIED**. The government is **DIRECTED** to file a redacted version of Exhibit 5 on or before January 24, 2020. In the meanwhile, the Clerk of the Court shall restrict from public access Exhibit 5 [39-5].

    **SO ORDERED**, this 21st day of January, 2020.

                                    **/s/Debra M. Brown**
                                    **UNITED STATES DISTRICT JUDGE**