IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  NO. 4:19-CR-29
(NO. 4:21-CV-144)

CORNELIUS K. HARRIS

**ORDER**

Cornelius Harris moves to vacate his conviction for unlawful possession of a firearm. After the government responded to his motion, Cornelius filed a motion for leave to file a second motion to vacate. Construing the motion for leave as a motion to amend, the Court denies both motions because Cornelius' motion to vacate fails to show he is entitled to such relief and the requested amendment would be futile.

**I
Procedural History**

On February 28, 2019, Cornelius K. Harris[1] was named in a single-count indictment charging him with being a felon in possession of a firearm. Doc. #1. Upon his arrest, the Court appointed the Federal Public Defender to represent Cornelius. Doc. #4. Following a detention hearing, United States Magistrate Judge Jane M. Virden released Cornelius on a $5,000 unsecured bond. Doc. #11. A superseding indictment filed June 20, 2019, charged him with the same substantive crime but altered the charging language. Doc. #17.

Attorney Ashley N. Harris was substituted for the Federal Public Defender on Cornelius' motion after he retained her. Doc. #34. She filed, on Cornelius' behalf, a motion to suppress all evidence arising out of his arrest and search on April 27, 2017, arguing it "was an illegal search

---

[1] To avoid confusion, the defendant is referenced by his first name since another person with the same surname is mentioned in this order.

lacking in probable cause." Doc. #38. After an evidentiary hearing on the motion to suppress, the Court issued a written opinion denying suppression, concluding that officers had reasonable suspicion to justify both their initial stop of Cornelius and pat down of him that led to his arrest. Doc. #54.

On June 15, 2020, Cornelius signed a written plea agreement with the government. Doc. #62. The Court accepted Cornelius' guilty plea and the plea agreement at a July 1, 2020, change of plea hearing. Doc. #64. Cornelius was initially released under the same bond, *see id.*, but later arrested on August 17, 2020, for an alleged bond violation. Docs. #68, #93.

On August 26, 2020, Michael S. Carr was substituted for Attorney Harris on Cornelius' motion. Doc. #78. After a hearing on the revocation matter, the Court revoked Cornelius' bond. Doc. #82.

The Presentence Report ("PSR") regarding Cornelius' conviction for unlawful possession of a firearm calculated a guideline range of 188 to 235 months imprisonment after applying an armed career criminal enhancement under 18 U.S.C. § 924(e), which was based on a 2009 Arkansas conviction for possession of marijuana with intent to distribute, a 2010 Mississippi conviction for possession of marijuana with intent to distribute, and a 2012 Mississippi conviction for possession of marijuana with intent. Doc. #89 at 6–8, 13. Cornelius did not file any objections to the PSR. *Id.* at 17. On November 18, 2020, the Court sentenced Harris to 180 months imprisonment and five years supervised release. Doc. #92. Harris did not appeal his conviction or sentence.

On or about October 27, 2021, Cornelius filed a motion to vacate under 28 U.S.C. § 2255.[2]

---

[2] The motion incorrectly lists the statute as "42 USC 2255." Doc. #94 at PageID 271. On January 18, 2022, the Court denied without prejudice a 60-day extension request by Cornelius "[b]ecause it [wa]s unclear for what purpose Harris [sought] an extension." Doc. #97. Harris appealed the denial of the extension. Doc. #98. On June 3, 2022, the Fifth Circuit dismissed the appeal for want of jurisdiction. Doc. #100.

Doc. #94. The Court ordered the government "to respond to the motion by filing an answer, motion, or other response." Doc. #101. The government filed a timely response on September 13, 2022. Doc. #103.

Approximately three months after the filing of the government's response, Cornelius filed a "Motion under 28 U.S.C. § 2244 and Ask for Leave to File a Second or Successive Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. 2255, 2244(b), 2255(H)," which, though filed in this Court, appears to request relief from the Fifth Circuit. Doc. #104.

## II
## Standard

Pursuant to 28 U.S.C. § 2255:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). "A § 2255 motion requires an evidentiary hearing unless either (1) the movant's claims are clearly frivolous or based upon unsupported generalizations, or (2) the movant would not be entitled to relief as a matter of law, even if his factual assertions were true." *United States v. Allen*, 918 F.3d 457, 460 (5th Cir. 2019).

## III
## Analysis

### A. Initial Motion

Under a "Federal Statutes of Law" heading, Cornelius' initial motion lists (1) the law requiring a certificate of appealability before appealing a § 2255 ruling, 28 U.S.C. § 2253;[3] (2)

---

[3] Cornelius incorrectly lists the citation as "42 USC 2253." Doc. #94 at PageID 268.

what appears to be an uncited quotation addressing the application of the Due Process Clause to crimes that do not have a statute of limitations; and (3) the definitions of "Statements or Entries Generally" set out in 18 U.S.C. § 1001. Doc. #94 at PageID 268–70. He then sets forth largely incomprehensible arguments that he was "punished twice for the same civil offense pursuant to 27 CFR 72.11" in violation of the Fifth Amendment's Double-Jeopardy Clause; the Court conspired to unlawfully detain him and has engaged in "security-fraud;" the undersigned deprived him "of a federal protected right to be afforded arbitration;" and he is a "foreign-national-citizen pursuant to his Mississippi birth-certificate." *Id.* at PageID 271–274. Cornelius requests "immediate release from his unlawful imprisonment." *Id.* at PageID 275.

The government responds that Cornelius "failed to make any coherent assertions in support of his petition" and it cannot respond because it "can't possibly understand even the general issue [he] is trying to raise, much less determine [his] assertions with any specificity." Doc. #103 at 4. Because there are only "four grounds for which a petitioner can seek relief" and Cornelius "has failed to raise any valid grounds," the government asserts his motion should be denied. *Id.* at 5. Cornelius did not reply to clarify the grounds on which he seeks relief.

The Court agrees that Cornelius' initial motion fails to present any coherent argument with respect to what rights he alleges were violated or why he is entitled to relief.[4] Accordingly, his initial motion fails to show he is entitled to § 2255 relief. *Pillault v. United States*, 371 F. Supp. 3d 325, 331 (N.D. Miss. 2019) ("Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence.") (citing *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)).

---

[4] An evidentiary hearing is not required because Cornelius failed to present "independent indicia of the likely merit of his allegations." *United States v. Saldivar*, 811 F. App'x 264, 265 (5th Cir. 2020) (quoting *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013)).

4

### B. Motion for Leave

In his motion for leave to file a second motion to vacate, Cornelius argues that his counsel was ineffective for failing to object to the armed career criminal sentencing enhancement and that he "did not raise … his actual innocence of the (ACCA) enhancement under 18 U.S.C. § 924(e)(1)." Doc. #104 at PageID 303–04. Specifically, he asserts that "his possession of marijuana with intent to distribute was consolidate [sic] for sentencing, with possession of marijuana with intent and (2) felon in possession, in docket case no: CR2012-297 and Docket No. CR2011-0136, on 11/18/2013 which should have counted as (1) conviction 'as it was in the state under the plea agreement.'" *Id.* at PageID 303. He also argues that because he "received 3 year Probation" for his 2009 conviction, it "can't be a serious drug offense for the purposes of the Armed Career Criminal enhancement." *Id.* at PageID 306 (internal quotation mark omitted). Finally, he contends that under *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Peugh v. United States*, 569 U.S. 530 (2013), "sentencing guideline such as the career-offender guideline are subject to vagueness challenges." *Id.* at PageID 307.

"[W]hen a petitioner files a new petition while his first petition remains pending, courts have uniformly held that the new petition cannot be deemed second or successive." *Goodrum v. Busby*, 824 F.3d 1188, 1194 (9th Cir. 2016). The Fifth Circuit has instructed that "[t]he filings of a federal habeas petitioner who is proceeding *pro se* are entitled to the benefit of liberal construction" and should be construed in a way to allow adjudication "on [the] merits if possible." *Hernandez v. Thaler*, 630 F.3d 420, 426–27 (5th Cir. 2011). The Court thus construes Cornelius' motion for leave as a motion to amend his § 2255 motion.

Habeas petitions "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Federal Rule of Civil Procedure 15(a)(2) provides

5

that courts "should freely give leave when justice so requires."

> In deciding whether to grant leave to amend, the district court may consider a variety of factors in exercising its discretion, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment. … Put simply, unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.

*United States v. Trevino*, 554 F. App'x 289, 293–94 (5th Cir. 2014) (cleaned up). Amendment is not warranted here because Cornelius' additional claims are frivolous.

First, to the extent he argues his 2010 and 2012 convictions should be considered as one conviction because they "were consolidated for … sentencing" as listed in United States Sentencing Guideline § 4A1.2(a)(2),[5] he fails to acknowledge the preceding sentence of that provision—"Prior sentences *always* are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense." U.S. Sent'g Guidelines Manual § 4A1.2(a)(2) (U.S. Sent'g Comm'n 2018) (emphasis added). Because the PSR indicates Cornelius was arrested for the 2010 charge on September 8, 2010, and did not commit the offense leading to the 2012 conviction until March 10, 2012, these convictions are properly counted separately under the Sentencing Guidelines.

Next, with respect to whether his 2009 conviction qualifies as a serious drug offense, 18 U.S.C. § 924(e)(2)(A)(ii) specifically defines a "serious drug offense" as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance … for which a maximum term of imprisonment of ten years or more is prescribed by law." This definition "requires only that the state offense involve the conduct

---

[5] Doc. #104 at PageID 305.

6

specified in the federal statute; it does not require that the state offense match certain generic offenses." *United States v. Bass*, 996 F.3d 729, 740 (5th Cir. 2021) (quoting *Shular v. United States*, 140 S. Ct. 779, 782 (2020)). And the Fifth Circuit has previously held that convictions for "possession of a controlled substance with intent to deliver in violation of Arkansas Code § 5-64-401"—the statute under which Cornelius was convicted[6]—"could serve as predicates for [an] ACCA enhancement." *Id.* at 741–42. Cornelius' actual sentence is irrelevant to this determination.

Finally, *Johnson* and *Peugh* are inapplicable here. In *Johnson*, the United States Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." 576 U.S. at 606. However, Cornelius was not sentenced under the residual clause, which defines a "violent felony" as a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at 593–94 (emphasis omitted). In *Peugh*, the Supreme Court held that "there is an *ex post facto* violation when a defendant is sentenced under Guidelines promulgated after he committed his criminal acts and the new version provides a higher applicable Guidelines sentencing range than the version in place at the time of the offense." 569 U.S. at 533. But Cornelius fails to indicate which portion of the guidelines he believes was incorrectly applied to him based on *Peugh* or how such would impact his sentence under the mandatory minimum set forth in § 924(e). Accordingly, amendment is not warranted.

## IV
## Certificate of Appealability

Rule 11 of the Rules Governing § 2255 Proceedings for the United States District Courts

---

[6] Doc. #85-3.

requires a court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability ("COA") will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim rejected on procedural grounds, a movant must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Based on the *Slack* criteria, the Court finds that a COA should not issue in this case.

## V
## Conclusion

Cornelius' motion to vacate [94] and motion for leave to amend [104] are **DENIED**. A certificate of appealability is also **DENIED**.

**SO ORDERED**, this 22nd day of December, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**